

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIN DEGNAN<br>2036 County Club Drive<br>Doylestown, PA 18901<br>          Plaintiff,<br>v.<br>NATIONWIDE MUTUAL<br>INSURANCE COMPANY<br>One Nationwide Gateway<br>Des Moines, IA 50391-5867<br>          and<br>UNITRIN DIRECT PROPERTY &<br>CASUALTY COMPANY<br>One East Wacker Drive<br>Chicago, IL 60601<br>          and<br>KEMPER CORPORATION<br>One East Wacker Drive<br>Chicago, IL 60601<br>          and<br>KEMPER DIRECT<br>One East Wacker Drive<br>Chicago, IL 60601<br>          and<br>KEMPER SERVICES GROUP<br>One East Wacker Drive<br>Chicago, IL 60601<br>          Defendants. | CIVIL ACTION NO:<br><br><br>**18      4592** |

## NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendants, Unitrin Direct Property &

Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group,

(hereinafter "Defendants"), hereby file the instant Notice of Removal. Defendants seek removal

of this case from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania in Philadelphia, Pennsylvania. In support of this Notice of Removal, Defendants state as follows:

## CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1.      On or about October 4, 2018, Plaintiff commenced an action in the Court of Common Pleas of Philadelphia County, Pennsylvania, against Defendants. Plaintiff's Complaint seeks judgment against Defendants for breach of contract pursuant to a UIM policy of insurance and arising out of a motor vehicle accident that allegedly occurred on or about October 13, 2011.

2.      Plaintiff served Defendants with the Complaint on or about October 4, 2018. A true and correct copy of Plaintiff's Complaint, which constitutes the entirety of all pleadings filed in this matter, is attached hereto as Exhibit A and incorporated by reference.

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that could be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      The United States District Court for the Eastern District of Pennsylvania is the appropriate Court in which to file this Petition for Removal because the State Court Action is pending in Philadelphia County, Pennsylvania. See 28 U.S.C. § 1441(a).

5.      All defendants consent to removal. See Exhibit B, which is an email from counsel for Nationwide Mutual Insurance Company providing written consent to the removal of this action.

## COMPLETE DIVERSITY OF CITIZENSHIP

6.      There is complete diversity of citizenship between the parties.

        (a) **Plaintiff.** Plaintiff Erin Degnan is a citizen of Pennsylvania, residing at 2036 Country Club Drive, Doylestown, PA 18901. See Complaint, Ex. A, at ¶ 1.

(b)   **Defendants.**   Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group are incorporated in a state other than Pennsylvania and their principal place of business is located in a state other than Pennsylvania. Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group are Illinois corporations with their principal place of business in Illinois. Thus, Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group are not citizens of Pennsylvania and are diverse from the Plaintiff.

Co-Defendant Nationwide Mutual Insurance Company is incorporated in a state other than Pennsylvania and its principle place of business is located in a state other than Pennsylvania. Thus, all of the defendants are diverse from the plaintiff.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

7.   Plaintiff does not quantify the amount of damages she seeks to recover in this case. See Complaint. From the face of the Complaint, however, it is apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

8.   Because "'the Complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy,' '[a] defendant's notice of removal then serves the same function as the Complaint would in a suit filed in federal court.'" Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006).

9.   Where a federal cause of action is based on diversity jurisdiction, the Complaint must allege an amount in controversy between the parties in excess of the statutory minimum. See 28 U.S.C. § 1332(a); Golden v. Golden, 382 F.3d 348, 354-355 (3d Cir. 2004). The amount need not be proven; rather, the amount is judged from the face of the Complaint and is generally established by a good faith allegation. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 6 L. Ed. 2d 890, 81 S. Ct. 1570 (1961) (measuring "good faith" by whether it appears "to a legal certainty the

claim is really for less than the jurisdictional amount") (internal quotations and citations omitted);

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 82 L. Ed. 845, 58 S. Ct. 586

(1938); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).

10.     Here, the amount in controversy more likely than not exceeds $75,000 based on

Plaintiff's claims, her alleged injuries, and the recovery sought.  Plaintiff seeks recovery of

uninsured motorist benefits in an amount greater than $50,000 from the defendants.  See Complaint

at Civil Cover Sheet and Wherefore Clauses. The allegations here are that Plaintiff sustained severe

injuries to her back and head.  She alleges she sustained the following injuries:  bulging discs at

C4-5 and C5-6 requiring epidural injections, disc desiccation at L4-5, headaches, shooting pains,

numbness, post traumatic myofascial syndrome, cervical strain and sprain, lumbar sprain and

strain, and a severe shock to her nervous system of which she alleges all have caused her great

pain and agony and allegedly have prevented her, and will continue to prevent her in the future,

from attending to her daily duties and occupation.  See Complaint, Ex. A at ¶ 10.

11.     Plaintiff also seeks damages for past and future lost wages and is seeking

compensation for impairment of her future earning capacity.  Plaintiff also alleges she sustained

"great financial damage and loss."  See Complaint, Ex. A at ¶ 10-13.

12.     Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct

and Kemper Services Group deny the allegations in the Complaint.  However, taking those

allegations on their face as true, it is clear that Plaintiff's claims as evidenced by the Complaint

attached hereto as Exhibit A, demonstrate an amount in controversy in excess of $75,000.

13.     Given the complete diversity of the real parties and an amount in controversy in

excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the

State Court Action pursuant to 28 U.S.C. § 1332, and this action properly is removable pursuant

to 28 U.S.C. § 1441.

## OTHER ISSUES

14.     This Notice of Removal is timely filed. See 28 U.S.C. § 1446(b).

15.     This Notice of Removal has been served on Plaintiff's counsel.

16.     The undersigned counsel hereby certifies that there are no hearings set before the Court of Common Pleas of Philadelphia County, Pennsylvania from which this case is removed, and all pleadings and process files therein are attached hereto.

## CONCLUSION

Because Plaintiff and all Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, and all defendants consent to removal, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. Defendants are therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group requests that the action now pending before the Court of Common Pleas of Philadelphia County, Pennsylvania, October Term, 2018, No. 588, be removed to this Court.

Respectfully Submitted,

**Stickley Law, LLC**

By:_____

Robert S. Stickley
Attorneys for Defendants,
Unitrin Direct Property & Casualty Company,
Kemper Corporation, Kemper Direct, and
Kemper Services Group
Identification No. 80849
18 Campus Blvd. Suite 100
Newtown Square, PA 19073
484-423-3425
rstickley@stickley.law

Dated: 10/25/18

.

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**OCTOBER 2018**

E-Filing Number: 1810009836

**000588**

| | |
|---|---|
| PLAINTIFF'S NAME<br>ERIN DEGNAN | DEFENDANT'S NAME<br>NATIONWIDE MUTUAL INSURANCE COMPANY |
| PLAINTIFF'S ADDRESS<br>2036 COUNTRY CLUB DRIVE<br>DOYLESTOWN PA 18901 | DEFENDANT'S ADDRESS<br>ONE NATIONWIDE GATEWAY<br>DES MOINES IA 50391 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>UNITRIN DIRECT PROPERTY & CASUALTY COMPANY |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>ONE EAST WACKER DRIVE<br>CHICAGO IL 60601 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>KEMPER CORPORATION |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>ONE EAST WACKER DRIVE<br>CHICAGO IL 60601 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | |
|---|---|---|---|
| | 5 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

**OCT 04 2018**

**M. BRYANT**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES          NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ERIN DEGNAN

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>KEVIN M. MALLOY | ADDRESS<br>1760 MARKET STREET<br>SUITE 1201<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(215)587-9900 | FAX NUMBER<br>(215)587-9930 | |
| SUPREME COURT IDENTIFICATION NO.<br>55685 | E-MAIL ADDRESS<br>km@disandromalloy.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*KEVIN MALLOY* | DATE SUBMITTED<br>Thursday, October 04, 2018, 09:06 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. NATIONWIDE MUTUAL INSURANCE COMPANY
   ONE NATIONWIDE GATEWAY
   DES MOINES IA 50391
2. UNITRIN DIRECT PROPERTY & CASUALTY COMPANY
   ONE EAST WACKER DRIVE
   CHICAGO IL 60601
3. KEMPER CORPORATION
   ONE EAST WACKER DRIVE
   CHICAGO IL 60601
4. KEMPER DIRECT
   ONE EAST WACKER DRIVE
   CHICAGO IL 60601
5. KEMPER SERVICES GROUP
   ONE EAST WACKER DRIVE
   CHICAGO IL 60601

**DISANDRO & MALLOY, P.C.**
**By: Kevin M. Malloy, Esquire**
**Identification No. 55685**
**1760 Market Street, Suite 1201**
**Philadelphia, Pennsylvania 19103**
**(215) 587-9900**

**ATTORNEY FOR PLAINTIFF**

Filed and Accepted by the
Office of Judicial Records
04 OCT 2018 09:06 am

---

ERIN DEGNAN
2036 Country Club Drive
Doylestown, PA 18901

vs.

NATIONWIDE MUTUAL
INSURANCE COMPANY
One Nationwide Gateway
Des Moines, IA 50391-5867
and
UNITRIN DIRECT PROPERTY &
CASUALTY COMPANY
One East Wacker Drive
Chicago, IL 60601
and
**(caption continued on next page)**

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM, 2018

NO.

---

## CIVIL ACTION

<table>
<tr><td valign="top">

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1101 Market Street, 11th floor
Philadelphia, PA 19107
Telephone: 215-238-6333

</td><td valign="top">

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE COMO ALQUILAR UN ABOGADO. SI USTED NO TIENE DINERO PARA ALQUILAR UN ABOGADO, ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE AGENCIAS QUE PUEDE OFRECER SERVICIOS LEGALES A PERSONAS ELEGIBLE A UN COSTO REDUCIDO O SIN COSTO NINGUNO.

ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO
DE REFERENCIA E INFORMACION LEGAL
1101 Market Street, 11th floor
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-6333

</td></tr>
</table>

**(caption continued from previous page)**

KEMPER CORPORATION
One East Wacker Drive
Chicago, IL  60601
and
KEMPER DIRECT
One East Wacker Drive
Chicago, IL 60601
and
KEMPER SERVICES GROUP
One East Wacker Drive
Chicago, IL  60601

**DISANDRO & MALLOY, P.C.**
**By: Kevin M. Malloy, Esquire**
**Identification No.  55685**              **ATTORNEY FOR PLAINTIFF**
**1760 Market Street, Suite 1201**
**Philadelphia, Pennsylvania  19103**
**(215) 587-9900**

---

ERIN DEGNAN                              COURT OF COMMON PLEAS
2036 Country Club Drive                  PHILADELPHIA COUNTY
Doylestown, PA  18901

vs.

                                         TERM, 2018

NATIONWIDE MUTUAL
INSURANCE COMPANY                        NO.
One Nationwide Gateway
Des Moines, IA 50391-5867
and
UNITRIN DIRECT PROPERTY &
CASUALTY COMPANY
One East Wacker Drive
Chicago, IL  60601
and
KEMPER CORPORATION
One East Wacker Drive
Chicago, IL  60601
and
KEMPER DIRECT
One East Wacker Drive
Chicago, IL 60601
and
KEMPER SERVICES GROUP
One East Wacker Drive
Chicago, IL  60601

## CIVIL ACTION

    1.    Plaintiff, Erin Degnan, is an individual who resides at 2036 Country Club Drive,

Doylestown, PA  18901.

2.      Defendant, Nationwide Mutual Insurance Company, is a Corporation licensed to do business in the Commonwealth of Pennsylvania, with an address of One Nationwide Gateway, Des Moines, IA 50391-5867.

3.      Defendant, Unitrin Direct Property & Casualty Company, is a Corporation licensed to do business in the Commonwealth of Pennsylvania, with an address of One East Wacker Drive, Chicago, IL 60601.

4.      Defendant, Kemper Corporation, is a Corporation licensed to do business in the Commonwealth of Pennsylvania, with an address of One East Wacker Drive, Chicago, IL 60601.

5.      Defendant, Kemper Direct, is a Corporation licensed to do business in the Commonwealth of Pennsylvania, with an address of One East Wacker Drive, Chicago, IL 60601.

6.      Defendant, Kemper Services Group, is a Corporation licensed to do business in the Commonwealth of Pennsylvania, with an address of One East Wacker Drive, Chicago, IL 60601.

7.      At all times material hereto, defendants, Nationwide Mutual Insurance Company and/or Unitrin Direct Property & Casualty Company and/or Kemper Corporation and/or Kemper Direct and/or Kemper Services Group, were duly organized corporations doing business on a regular basis in the County of Philadelphia, deriving substantial compensation therefrom.

8.      This matter arises from a motor vehicle accident that occurred on October 13, 2011, at which time plaintiff, Erin Degnan, was the operator of a motor vehicle which was struck by another motor vehicle owned and operated by tortfeasor, Denise Washington.

9.    The aforesaid motor vehicle accident occurred at/near Old York Road and Wheatsheaf Road, Abington Township, Montgomery County, Commonwealth of Pennsylvania, and was the sole result of the negligence and/or recklessness of tortfeasor, Denise Washington, who was then and there operating her motor vehicle in a negligent and/or reckless manner, failing to have proper control of her vehicle, thereby causing a rear end collision.

10.    As a result of the above mentioned accident, plaintiff sustained the following injuries:  bulging discs at C4-5 and C5-6 requiring epidural injections, disc desiccation at L4-5, headaches, shooting pains, numbness, post traumatic myofascial syndrome, cervical strain and sprain, lumbar sprain and sprain, and a severe shock to her nervous system, all of which have caused her and will continue to cause her great pain and agony, and have prevented her and will continue to prevent her in the future from attending to her daily duties and occupation, all to her great financial damage and loss.

11.    Plaintiff is covered by the "Full Tort" option, which gives her the unlimited right to sue under Pennsylvania Law for both economic and noneconomic losses arising from this accident.

12.    Further, by reason of the aforesaid, plaintiff, Erin Degnan, has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

13.    As a further result of the accident and the injuries sustained therein, plaintiff, Erin Degnan, has and may suffer lost wages and an impairment of her earning capacity and power, which lost wages and impairment of earning capacity and power has or may exceed the sums

recoverable under the limitations of the Pennsylvania Motor Vehicle Financial Responsibility law.

14.    The owner and operator of the vehicle which struck the plaintiff on the date of the accident was insured by State Farm Mutual Automobile Insurance Company, which policy provided for $25,000.00 of liability coverage under the policy, with no excess umbrella coverage.

15.    On or about October 8, 2014, State Farm Mutual Automobile Insurance Company agreed to pay its $25,000.00 policy limit to settle this claim, which is confirmed by way of letter dated October 30, 2014, a copy of which is attached hereto and marked as Exhibit "A".

**COUNT ONE**

**ERIN DEGNAN V. NATIONWIDE MUTUAL INSURANCE COMPANY**

16.    Plaintiff incorporates herein by reference the averments contained in paragraphs 1 through 15, inclusive, as fully as though the same were set forth herein at length.

17.    On or about October 9, 2014, a letter was directed to Nationwide Mutual Insurance Company confirming receipt of an offer of settlement in the amount of the policy limit of $25,000.00, requesting consent to settle and waiver of subrogation for purposes of pursuing an underinsured motorist claim with Nationwide Mutual Insurance Company, a copy of which letter is attached hereto as Exhibit "B".

18.    On or about October 30, 2014, Nationwide Mutual Insurance Company, by and through claims representative, Gary Hricik, consented to the third party settlement, waiving subrogation, and granting permission to proceed with an underinsured motorist claim under claim number:  58 -37 C 970832 10132011 01.  A copy of said letter is attached hereto and marked as Exhibit "C".

19.     On or about the date of the accident, October 13, 2011, and at all times material hereto, defendant, Nationwide Mutual Insurance Company, issued an insurance policy covering the motor vehicle being operated by the plaintiff containing underinsured motorist endorsement clause to plaintiff, Erin Degnan.

20.     The aforesaid policy of insurance issued by Nationwide Mutual Insurance Company was in full force and effect on October 13, 2011.

21.     The policy of insurance issued by defendant, Nationwide Mutual Insurance Company, under policy number: 58C970832, provided coverage for the protection of plaintiff, Erin Degnan, against damages caused by an underinsured motorist, with underinsured motorist limits of $300,000.00. A copy of said declaration sheet is attached hereto as Exhibit "D".

22.     Plaintiff, Erin Degnan, has fully complied with all of the provisions of her policy to date, but the defendant, Nationwide Mutual Insurance Company, is refusing to negotiate a reasonable settlement for the damages sustained in the accident pursuant to its policy and contract provision which covers the plaintiff, Erin Degnan.

23.     The vehicle operated by the tortfeasor, Denise Washington, is an "underinsured motor vehicle" as defined by the Nationwide Mutual Insurance Company policy, in that the total limits of bodily injury liability limits is less than the amount of Erin Degnan's damages.

WHEREFORE, plaintiff, Erin Degnan, hereby demands judgment against defendant, Nationwide Mutual Insurance Company, for underinsured motorist benefits pursuant to policy number: 58C970832, and all other applicable policies that may provide coverage to her in the event of an excess verdict, in an amount in excess of Fifty Thousand ($50,000.00), plus interests and costs.

## COUNT TWO

### ERIN DEGNAN V. UNITRIN DIRECT PROPERTY & CASUALTY COMPANY AND KEMPER CORPORATION AND KEMPER DIRECT AND KEMPER SERVICES GROUP

24.     Plaintiff incorporates herein by reference the averments contained in paragraphs 1 through 23, inclusive, as fully as though the same were set forth herein at length.

25.     On or about October 29, 2014, a letter was directed to Unitrin Direct Property & Casualty Company confirming receipt of an offer of settlement in the amount of the policy limit of $25,000.00, requesting consent to settle and waiver of subrogation for purposes of pursuing an underinsured motorist claim with Unitrin Direct Property & Casualty Company, a copy of which letter is attached hereto as Exhibit "E".

26.     Unitrin Direct Property & Casualty is now known as Kemper Direct, which is a subsidiary of Kemper Corporation and/or Kemper Services Group.

27.     On or about January 16, 2015, Unitrin Direct Property & Casualty Company, by and through Kemper Services Group claims representative, Douglas F. Schultz Jr., consented to the third party settlement, waiving subrogation, and granting permission to proceed with an underinsured motorist claim under claim number: A014955PA14. A copy of the confirming email is attached hereto and marked as Exhibit "F".

28.     On or about the date of the accident, October 13, 2011, and at all times material hereto, defendant, Unitrin Direct Property & Casualty Company, issued an insurance policy covering the motor vehicle being operated by the plaintiff containing underinsured motorist endorsement clause to plaintiff, Erin Degnan.

29.     The aforesaid policy of insurance issued by Unitrin Direct Property & Casualty Company was in full force and effect on October 13, 2011.

30.     The policy of insurance issued by defendant, Unitrin Direct Property & Casualty Company, under policy number: 58C970832, provided coverage for the protection of plaintiff, Erin Degnan, against damages caused by an underinsured motorist.

31.     Plaintiff, Erin Degnan, has fully complied with all of the provisions of her policy to date, but the defendant, Unitrin Direct Property & Casualty Company, is refusing to negotiate a reasonable settlement for the damages sustained in the accident pursuant to its policy and contract provision which covers the plaintiff, Erin Degnan.

32.     The vehicle operated by the tortfeasor, Denise Washington, is an "underinsured motor vehicle" as defined by the Unitrin Direct Property & Casualty Company policy, in that the total limits of bodily injury liability limits is less than the amount of Erin Degnan's damages.

WHEREFORE, plaintiff, Erin Degnan, hereby demands judgment against defendants, Unitrin Direct Property & Casualty Company and Kemper Corporation and Kemper Direct and Kemper Services Group, for underinsured motorist benefits pursuant to policy number: A014955PA14, and all other applicable policies that may provide coverage to her in the event of an excess verdict, in an amount in excess of Fifty Thousand ($50,000.00), plus interests and costs.

DISANDRO & MALLOY, P.C.

BY: _Kevin M. Malloy_
KEVIN M. MALLOY, ESQUIRE
ATTORNEY FOR PLAINTIFF

## VERIFICATION

I, Erin Degnan                              , make this verification subject to the penalties of 18 Pa.

C.S.A. §4904, relating to unsworn falsification to authorities.  The attached pleading is based upon

information which I have furnished to my counsel and information which has been gathered by my counsel

in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel

and not mine.  I have read the pleading, and to the extent it is based upon information which I have given to

my counsel, it is true and correct to the best of my knowledge, information, and belief.  To the extent that

the contents of the pleading are that of counsel, I have relied upon my counsel in making this verification.


Dated: _____ 10/2/18 _____

Case ID 181000588

# EXHIBIT B

## Robert Stickley

| | |
|---|---|
| **From:** | WALLACE, DIVYA <wallad10@nationwide.com> |
| **Sent:** | Tuesday, October 23, 2018 5:39 PM |
| **To:** | Robert Stickley |
| **Subject:** | RE:  Erin Degnan v. Unitrin et al |

Hi Robert: I spoke with Nationwide and they have consented to removal.  Thanks.

Divya

Sent with BlackBerry Work
(www.blackberry.com)

**From:** Robert Stickley <rstickley@stickley.law>
**Date:** Tuesday, Oct 23, 2018, 5:37 PM
**To:** WALLACE, DIVYA <wallad10@nationwide.com>
**Subject:** [EXTERNAL] Erin Degnan v. Unitrin et al

**Nationwide Information Security Warning:** This is an external email. Do not click on links or open attachments unless you trust the sender

Hi Divya,

Kindly advise if we have Nationwide's consent to remove the above matter to federal court.

Best regards,

Robert S. Stickley, Esquire
Stickley Law, LLC
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
484.423.3425 (office)
610.425.0321 (mobile)
rstickley@stickley.law
www.Stickley.Law

This message is from a law firm and may contain information that is confidential or legally privileged.  If you are not the intended recipient, please immediately contact Robert Stickley by email to rstickley@stickley.law and delete this email.

**HB**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIN DEGNAN<br>2036 County Club Drive<br>Doylestown, PA 18901<br>        Plaintiff,<br>    v.<br>NATIONWIDE MUTUAL<br>INSURANCE COMPANY<br>One Nationwide Gateway<br>Des Moines, IA 50391-5867<br>    and<br>UNITRIN DIRECT PROPERTY &<br>CASUALTY COMPANY<br>One East Wacker Drive<br>Chicago, IL 60601<br>    and<br>KEMPER CORPORATION<br>One East Wacker Drive<br>Chicago, IL 60601<br>    and<br>KEMPER DIRECT<br>One East Wacker Drive<br>Chicago, IL 60601<br>    and<br>KEMPER SERVICES GROUP<br>One East Wacker Drive<br>Chicago, IL 60601<br>        Defendants. | CIVIL ACTION NO:<br><br>**18    4592** |

### Certificate of Service

I, Robert S. Stickley, Esquire, hereby certify that a true and correct copy of Defendant's

Notice of Removal and related forms and attachments, were served upon counsel for plaintiff via

email and regular mail and counsel for Nationwide via email only at the addresses listed below on

the date indicated below:

Kevin M. Malloy, Esquire
Disandro & Malloy, P.C.
1760 Market Street, Suite 1201
Philadelphia, PA 19103
km@disandromally.com
Counsel for Plaintiff

Divya Wallace, Esquire
Counsel for Nationwide Mutual Insurance Company
Wallad10@nationwide.com

Stickley Law, LLC

By:_____

Robert S. Stickley
Attorneys for Defendants,
Unitrin Direct Property & Casualty Company,
Kemper Corporation, Kemper Direct, and
Kemper Services Group
Identification No.  80849
18 Campus Blvd. Suite 100
Newtown Square, PA 19073
484-423-3425
rstickley@stickley.law

Dated: 10/25/18

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Erin Degnan, | : | CIVIL DIVISION |
| Plaintiff, | : | OCTOBER TERM, 2018 |
| v. | : | NO. 588  **18  4592** |
| Nationwide Mutual Insurance Company, Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group | : | |
| Defendants. | : | |

### NOTICE OF FILING OF NOTICE OF REMOVAL TO THE EASTERN DISTRICT OF PENNSYLVANIA IN PHILADELPHIA, PENNSYLVANIA

**TO THE PROTHONOTARY:**

**PLEASE TAKE NOTICE** that on the _25th_ day of October 2018, Defendants

Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct and Kemper

Services Group filed a Notice of Removal with the United States District Court for the Eastern

District of Pennsylvania in Philadelphia, Pennsylvania. A copy of said Notice is attached hereto

as Exhibit "A."

**Stickley Law, LLC**

By: _____

Robert S. Stickley
Attorneys for Defendant,
Unitrin Direct Property & Casualty Company
Kemper Corporation, Kemper Direct, and
Kemper Services Group
Identification No. 80849
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
T: 484.423.3425
rstickley@stickley.law

Dated: _10/25/18_

## CERTIFICATE OF SERVICE

I, Robert S. Stickley, do hereby certify that a true and correct copy of the foregoing Notice of Filing of Notice of Removal was filed this date via the Philadelphia County Court of Common Pleas Civil Trial Division's E-Filing System and thereby deemed served on all counsel of record pursuant to Rule 205.4(g) of the Pennsylvania Rules of Civil Procedure and Local Rule *205.4(f)(7).

**Stickley Law, LLC**

**BY:** _____

Robert S. Stickley, Esquire
Attorneys for Defendant,
Unitrin Direct Property & Casualty Company
Kemper Corporation, Kemper Direct, and
Kemper Services Group
Identification No. 80849
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
T: 484.423.3425
rstickley@stickley.law

Dated: 10|25|18

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIN DEGNAN
2036 County Club Drive
Doylestown, PA 18901
       Plaintiff,

   v.

NATIONWIDE MUTUAL
INSURANCE COMPANY
One Nationwide Gateway
Des Moines, IA 50391-5867
    and

UNITRIN DIRECT PROPERTY &
CASUALTY COMPANY
One East Wacker Drive
Chicago, IL 60601
    and

KEMPER CORPORATION
One East Wacker Drive
Chicago, IL 60601
    and

KEMPER DIRECT
One East Wacker Drive
Chicago, IL 60601
    and

KEMPER SERVICES GROUP
One East Wacker Drive
Chicago, IL 60601
       Defendants.

CIVIL ACTION NO:

## **NOTICE OF REMOVAL**

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendants, Unitrin Direct Property &

Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group,

(hereinafter "Defendants"), hereby file the instant Notice of Removal.  Defendants seek removal

of this case from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania in Philadelphia, Pennsylvania.  In support of this Notice of Removal, Defendants state as follows:

### CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1.      On or about October 4, 2018, Plaintiff commenced an action in the Court of Common Pleas of Philadelphia County, Pennsylvania, against Defendants. Plaintiff's Complaint seeks judgment against Defendants for breach of contract pursuant to a UIM policy of insurance and arising out of a motor vehicle accident that allegedly occurred on or about October 13, 2011.

2.      Plaintiff served Defendants with the Complaint on or about October 4, 2018. A true and correct copy of Plaintiff's Complaint, which constitutes the entirety of all pleadings filed in this matter, is attached hereto as Exhibit A and incorporated by reference.

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that could be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      The United States District Court for the Eastern District of Pennsylvania is the appropriate Court in which to file this Petition for Removal because the State Court Action is pending in Philadelphia County, Pennsylvania. See 28 U.S.C. § 1441(a).

5.      All defendants consent to removal. See Exhibit B, which is an email from counsel for Nationwide Mutual Insurance Company providing written consent to the removal of this action.

### COMPLETE DIVERSITY OF CITIZENSHIP

6.      There is complete diversity of citizenship between the parties.

(a) **Plaintiff.** Plaintiff Erin Degnan is a citizen of Pennsylvania, residing at 2036 Country Club Drive, Doylestown, PA 18901. See Complaint, Ex. A, at ¶ 1.

(b)   **Defendants.**   Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group are incorporated in a state other than Pennsylvania and their principal place of business is located in a state other than Pennsylvania. Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group are Illinois corporations with their principal place of business in Illinois. Thus, Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group are not citizens of Pennsylvania and are diverse from the Plaintiff.

Co-Defendant Nationwide Mutual Insurance Company is incorporated in a state other than Pennsylvania and its principle place of business is located in a state other than Pennsylvania. Thus, all of the defendants are diverse from the plaintiff.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

7.   Plaintiff does not quantify the amount of damages she seeks to recover in this case. See Complaint. From the face of the Complaint, however, it is apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

8.   Because "'the Complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy,' '[a] defendant's notice of removal then serves the same function as the Complaint would in a suit filed in federal court.'" Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006).

9.   Where a federal cause of action is based on diversity jurisdiction, the Complaint must allege an amount in controversy between the parties in excess of the statutory minimum.  See 28 U.S.C. § 1332(a); Golden v. Golden, 382 F.3d 348, 354-355 (3d Cir. 2004).  The amount need not be proven; rather, the amount is judged from the face of the Complaint and is generally established by a good faith allegation.  See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 6 L. Ed. 2d 890, 81 S. Ct. 1570 (1961) (measuring "good faith" by whether it appears "to a legal certainty the

claim is really for less than the jurisdictional amount") (internal quotations and citations omitted);
St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 82 L. Ed. 845, 58 S. Ct. 586
(1938); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).

10.     Here, the amount in controversy more likely than not exceeds $75,000 based on
Plaintiff's claims, her alleged injuries, and the recovery sought.   Plaintiff seeks recovery of
uninsured motorist benefits in an amount greater than $50,000 from the defendants. See Complaint
at Civil Cover Sheet and Wherefore Clauses. The allegations here are that Plaintiff sustained severe
injuries to her back and head.  She alleges she sustained the following injuries:  bulging discs at
C4-5 and C5-6 requiring epidural injections, disc desiccation at L4-5, headaches, shooting pains,
numbness, post traumatic myofascial syndrome, cervical strain and sprain, lumbar sprain and
strain, and a severe shock to her nervous system of which she alleges all have caused her great
pain and agony and allegedly have prevented her, and will continue to prevent her in the future,
from attending to her daily duties and occupation. See Complaint, Ex. A at ¶ 10.

11.     Plaintiff also seeks damages for past and future lost wages and is seeking
compensation for impairment of her future earning capacity.  Plaintiff also alleges she sustained
"great financial damage and loss." See Complaint, Ex. A at ¶ 10-13.

12.     Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct
and Kemper Services Group deny the allegations in the Complaint.   However, taking those
allegations on their face as true, it is clear that Plaintiff's claims as evidenced by the Complaint
attached hereto as Exhibit A, demonstrate an amount in controversy in excess of $75,000.

13.     Given the complete diversity of the real parties and an amount in controversy in
excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the
State Court Action pursuant to 28 U.S.C. § 1332, and this action properly is removable pursuant
to 28 U.S.C. § 1441.

### OTHER ISSUES

14.     This Notice of Removal is timely filed. See 28 U.S.C. § 1446(b).

15.     This Notice of Removal has been served on Plaintiff's counsel.

16.     The undersigned counsel hereby certifies that there are no hearings set before the Court of Common Pleas of Philadelphia County, Pennsylvania from which this case is removed, and all pleadings and process files therein are attached hereto.

### CONCLUSION

Because Plaintiff and all Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, and all defendants consent to removal, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. Defendants are therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Unitrin Direct Property & Casualty Company, Kemper Corporation, Kemper Direct and Kemper Services Group requests that the action now pending before the Court of Common Pleas of Philadelphia County, Pennsylvania, October Term, 2018, No. 588, be removed to this Court.

Respectfully Submitted,

Stickley Law, LLC

By: _____
       Robert S. Stickley
       Attorneys for Defendants,
       Unitrin Direct Property & Casualty Company,
       Kemper Corporation, Kemper Direct, and
       Kemper Services Group
       Identification No.  80849
       18 Campus Blvd. Suite 100
       Newtown Square, PA 19073
       484-423-3425
       rstickley@stickley.law

Dated: 10/25/18

.

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

OCTOBER 2018                    000588

PLAINTIFF'S NAME
ERIN DEGNAN

DEFENDANT'S NAME
NATIONWIDE MUTUAL INSURANCE COMPANY

PLAINTIFF'S ADDRESS
2036 COUNTRY CLUB DRIVE
DOYLESTOWN PA 18901

DEFENDANT'S ADDRESS
ONE NATIONWIDE GATEWAY
DES MOINES IA 50391

PLAINTIFF'S NAME

DEFENDANT'S NAME
UNITRIN DIRECT PROPERTY & CASUALTY COMPANY

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS
ONE EAST WACKER DRIVE
CHICAGO IL 60601

PLAINTIFF'S NAME

DEFENDANT'S NAME
KEMPER CORPORATION

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS
ONE EAST WACKER DRIVE
CHICAGO IL 60601

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 5 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal |
|   |   | [ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less | [ ] Arbitration | [ ] Mass Tort | [ ] Commerce | [ ] Settlement |
| [X] More than $50,000.00 | [ ] Jury | [ ] Savings Action | [ ] Minor Court Appeal | [ ] Minors |
|  | [X] Non-Jury | [ ] Petition | [ ] Statutory Appeals | [ ] W/D/Survival |
|  | [ ] Other: |  |  |  |

CASE TYPE AND CODE
1O - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

OCT 04 2018

**M. BRYANT**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES          NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ERIN DEGNAN

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
KEVIN M. MALLOY

ADDRESS
1760 MARKET STREET
SUITE 1201
PHILADELPHIA PA 19103

PHONE NUMBER                    FAX NUMBER
(215)587-9900                 (215)587-9930

SUPREME COURT IDENTIFICATION NO.
55685

E-MAIL ADDRESS
km@disandromalloy.com

SIGNATURE OF FILING ATTORNEY OR PARTY
KEVIN MALLOY

DATE SUBMITTED
Thursday, October 04, 2018, 09:06 am

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. NATIONWIDE MUTUAL INSURANCE COMPANY
   ONE NATIONWIDE GATEWAY
   DES MOINES IA 50391
2. UNITRIN DIRECT PROPERTY & CASUALTY COMPANY
   ONE EAST WACKER DRIVE
   CHICAGO IL 60601
3. KEMPER CORPORATION
   ONE EAST WACKER DRIVE
   CHICAGO IL 60601
4. KEMPER DIRECT
   ONE EAST WACKER DRIVE
   CHICAGO IL 60601
5. KEMPER SERVICES GROUP
   ONE EAST WACKER DRIVE
   CHICAGO IL 60601

**DISANDRO & MALLOY, P.C.**
By: Kevin M. Malloy, Esquire
Identification No. 55685
1760 Market Street, Suite 1201
Philadelphia, Pennsylvania 19103
(215) 587-9900

**ATTORNEY FOR PLAINTIFF**

Filed and Attested by the
Office of Judicial Records
04 OCT 2018 09:06 am

---

ERIN DEGNAN
2036 Country Club Drive
Doylestown, PA 18901

vs.

NATIONWIDE MUTUAL
INSURANCE COMPANY
One Nationwide Gateway
Des Moines, IA 50391-5867
and
UNITRIN DIRECT PROPERTY &
CASUALTY COMPANY
One East Wacker Drive
Chicago, IL 60601
and
**(caption continued on next page)**

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM, 2018

NO.

---

## CIVIL ACTION

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1101 Market Street, 11th floor
Philadelphia, PA 19107
Telephone: 215-238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE COMO ALQUILAR UN ABOGADO. SI USTED NO TIENE DINERO PARA ALQUILAR UN ABOGADO, ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE AGENCIAS QUE PUEDE OFRECER SERVICIOS LEGALES A PERSONAS ELEGIBLE A UN COSTO REDUCIDO O SIN COSTO NINGUNO.

ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO
DE REFERENCIA E INFORMACION LEGAL
1101 Market Street, 11th floor
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-6333

**(caption continued from previous page)**

KEMPER CORPORATION
One East Wacker Drive
Chicago, IL  60601
and
KEMPER DIRECT
One East Wacker Drive
Chicago, IL 60601
and
KEMPER SERVICES GROUP
One East Wacker Drive
Chicago, IL  60601

**DISANDRO & MALLOY, P.C.**
By: Kevin M. Malloy, Esquire
Identification No. 55685
1760 Market Street, Suite 1201
Philadelphia, Pennsylvania 19103
(215) 587-9900

**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| ERIN DEGNAN<br>2036 Country Club Drive<br>Doylestown, PA 18901 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | |
| | TERM, 2018 |
| NATIONWIDE MUTUAL<br>INSURANCE COMPANY<br>One Nationwide Gateway<br>Des Moines, IA 50391-5867<br>and<br>UNITRIN DIRECT PROPERTY &<br>CASUALTY COMPANY<br>One East Wacker Drive<br>Chicago, IL 60601<br>and<br>KEMPER CORPORATION<br>One East Wacker Drive<br>Chicago, IL 60601<br>and<br>KEMPER DIRECT<br>One East Wacker Drive<br>Chicago, IL 60601<br>and<br>KEMPER SERVICES GROUP<br>One East Wacker Drive<br>Chicago, IL 60601 | NO. |

## CIVIL ACTION

1. Plaintiff, Erin Degnan, is an individual who resides at 2036 Country Club Drive, Doylestown, PA 18901.

Case ID: 181000588

2.      Defendant, Nationwide Mutual Insurance Company, is a Corporation licensed to do business in the Commonwealth of Pennsylvania, with an address of One Nationwide Gateway, Des Moines, IA 50391-5867.

3.      Defendant, Unitrin Direct Property & Casualty Company, is a Corporation licensed to do business in the Commonwealth of Pennsylvania, with an address of One East Wacker Drive, Chicago, IL 60601.

4.      Defendant, Kemper Corporation, is a Corporation licensed to do business in the Commonwealth of Pennsylvania, with an address of One East Wacker Drive, Chicago, IL 60601.

5.      Defendant, Kemper Direct, is a Corporation licensed to do business in the Commonwealth of Pennsylvania, with an address of One East Wacker Drive, Chicago, IL 60601.

6.      Defendant, Kemper Services Group, is a Corporation licensed to do business in the Commonwealth of Pennsylvania, with an address of One East Wacker Drive, Chicago, IL 60601.

7.      At all times material hereto, defendants, Nationwide Mutual Insurance Company and/or Unitrin Direct Property & Casualty Company and/or Kemper Corporation and/or Kemper Direct and/or Kemper Services Group, were duly organized corporations doing business on a regular basis in the County of Philadelphia, deriving substantial compensation therefrom.

8.      This matter arises from a motor vehicle accident that occurred on October 13, 2011, at which time plaintiff, Erin Degnan, was the operator of a motor vehicle which was struck by another motor vehicle owned and operated by tortfeasor, Denise Washington.

9.     The aforesaid motor vehicle accident occurred at/near Old York Road and Wheatsheaf Road, Abington Township, Montgomery County, Commonwealth of Pennsylvania, and was the sole result of the negligence and/or recklessness of tortfeasor, Denise Washington, who was then and there operating her motor vehicle in a negligent and/or reckless manner, failing to have proper control of her vehicle, thereby causing a rear end collision.

10.     As a result of the above mentioned accident, plaintiff sustained the following injuries:  bulging discs at C4-5 and C5-6 requiring epidural injections, disc desiccation at L4-5, headaches, shooting pains, numbness, post traumatic myofascial syndrome, cervical strain and sprain, lumbar sprain and sprain, and a severe shock to her nervous system, all of which have caused her and will continue to cause her great pain and agony, and have prevented her and will continue to prevent her in the future from attending to her daily duties and occupation, all to her great financial damage and loss.

11.     Plaintiff is covered by the "Full Tort" option, which gives her the unlimited right to sue under Pennsylvania Law for both economic and noneconomic losses arising from this accident.

12.     Further, by reason of the aforesaid, plaintiff, Erin Degnan, has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

13.     As a further result of the accident and the injuries sustained therein, plaintiff, Erin Degnan, has and may suffer lost wages and an impairment of her earning capacity and power, which lost wages and impairment of earning capacity and power has or may exceed the sums

recoverable under the limitations of the Pennsylvania Motor Vehicle Financial Responsibility law.

14.     The owner and operator of the vehicle which struck the plaintiff on the date of the accident was insured by State Farm Mutual Automobile Insurance Company, which policy provided for $25,000.00 of liability coverage under the policy, with no excess umbrella coverage.

15.     On or about October 8, 2014, State Farm Mutual Automobile Insurance Company agreed to pay its $25,000.00 policy limit to settle this claim, which is confirmed by way of letter dated October 30, 2014, a copy of which is attached hereto and marked as Exhibit "A".

**COUNT ONE**

**ERIN DEGNAN V. NATIONWIDE MUTUAL INSURANCE COMPANY**

16.     Plaintiff incorporates herein by reference the averments contained in paragraphs 1 through 15, inclusive, as fully as though the same were set forth herein at length.

17.     On or about October 9, 2014, a letter was directed to Nationwide Mutual Insurance Company confirming receipt of an offer of settlement in the amount of the policy limit of $25,000.00, requesting consent to settle and waiver of subrogation for purposes of pursuing an underinsured motorist claim with Nationwide Mutual Insurance Company, a copy of which letter is attached hereto as Exhibit "B".

18.     On or about October 30, 2014, Nationwide Mutual Insurance Company, by and through claims representative, Gary Hricik, consented to the third party settlement, waiving subrogation, and granting permission to proceed with an underinsured motorist claim under claim number:  58 37 C 970832 10132011 01.  A copy of said letter is attached hereto and marked as Exhibit "C".

19.   On or about the date of the accident, October 13, 2011, and at all times material hereto, defendant, Nationwide Mutual Insurance Company, issued an insurance policy covering the motor vehicle being operated by the plaintiff containing underinsured motorist endorsement clause to plaintiff, Erin Degnan.

20.   The aforesaid policy of insurance issued by Nationwide Mutual Insurance Company was in full force and effect on October 13, 2011.

21.   The policy of insurance issued by defendant, Nationwide Mutual Insurance Company, under policy number: 58C970832, provided coverage for the protection of plaintiff, Erin Degnan, against damages caused by an underinsured motorist, with underinsured motorist limits of $300,000.00. A copy of said declaration sheet is attached hereto as Exhibit "D".

22.   Plaintiff, Erin Degnan, has fully complied with all of the provisions of her policy to date, but the defendant, Nationwide Mutual Insurance Company, is refusing to negotiate a reasonable settlement for the damages sustained in the accident pursuant to its policy and contract provision which covers the plaintiff, Erin Degnan.

23.   The vehicle operated by the tortfeasor, Denise Washington, is an "underinsured motor vehicle" as defined by the Nationwide Mutual Insurance Company policy, in that the total limits of bodily injury liability limits is less than the amount of Erin Degnan's damages.

WHEREFORE, plaintiff, Erin Degnan, hereby demands judgment against defendant, Nationwide Mutual Insurance Company, for underinsured motorist benefits pursuant to policy number: 58C970832, and all other applicable policies that may provide coverage to her in the event of an excess verdict, in an amount in excess of Fifty Thousand ($50,000.00), plus interests and costs.

## COUNT TWO

## ERIN DEGNAN V. UNITRIN DIRECT PROPERTY & CASUALTY COMPANY AND KEMPER CORPORATION AND KEMPER DIRECT AND KEMPER SERVICES GROUP

24.     Plaintiff incorporates herein by reference the averments contained in paragraphs 1 through 23, inclusive, as fully as though the same were set forth herein at length.

25.     On or about October 29, 2014, a letter was directed to Unitrin Direct Property & Casualty Company confirming receipt of an offer of settlement in the amount of the policy limit of $25,000.00, requesting consent to settle and waiver of subrogation for purposes of pursuing an underinsured motorist claim with Unitrin Direct Property & Casualty Company, a copy of which letter is attached hereto as Exhibit "E".

26.     Unitrin Direct Property & Casualty is now known as Kemper Direct, which is a subsidiary of Kemper Corporation and/or Kemper Services Group.

27.     On or about January 16, 2015, Unitrin Direct Property & Casualty Company, by and through Kemper Services Group claims representative, Douglas F. Schultz Jr., consented to the third party settlement, waiving subrogation, and granting permission to proceed with an underinsured motorist claim under claim number:  A014955PA14.  A copy of the confirming email is attached hereto and marked as Exhibit "F".

28.     On or about the date of the accident, October 13, 2011, and at all times material hereto, defendant, Unitrin Direct Property & Casualty Company, issued an insurance policy covering the motor vehicle being operated by the plaintiff containing underinsured motorist endorsement clause to plaintiff, Erin Degnan.

29.     The aforesaid policy of insurance issued by Unitrin Direct Property & Casualty Company was in full force and effect on October 13, 2011.

30.    The policy of insurance issued by defendant, Unitrin Direct Property & Casualty Company, under policy number: 58C970832, provided coverage for the protection of plaintiff, Erin Degnan, against damages caused by an underinsured motorist.

31.    Plaintiff, Erin Degnan, has fully complied with all of the provisions of her policy to date, but the defendant, Unitrin Direct Property & Casualty Company, is refusing to negotiate a reasonable settlement for the damages sustained in the accident pursuant to its policy and contract provision which covers the plaintiff, Erin Degnan.

32.    The vehicle operated by the tortfeasor, Denise Washington, is an "underinsured motor vehicle" as defined by the Unitrin Direct Property & Casualty Company policy, in that the total limits of bodily injury liability limits is less than the amount of Erin Degnan's damages.

WHEREFORE, plaintiff, Erin Degnan, hereby demands judgment against defendants, Unitrin Direct Property & Casualty Company and Kemper Corporation and Kemper Direct and Kemper Services Group, for underinsured motorist benefits pursuant to policy number: A014955PA14, and all other applicable policies that may provide coverage to her in the event of an excess verdict, in an amount in excess of Fifty Thousand ($50,000.00), plus interests and costs.

DISANDRO & MALLOY, P.C.

BY: _Kevin M. Malloy_
KEVIN M. MALLOY, ESQUIRE
ATTORNEY FOR PLAINTIFF

# VERIFICATION

I, Erin Degnan                           , make this verification subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities. The attached pleading is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel and not mine. I have read the pleading, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon my counsel in making this verification.

_Erin Degnan_

Dated: _____10/2/18_____

Case ID: 181000588

# EXHIBIT B

**Robert Stickley**

| | |
|---|---|
| **From:** | WALLACE, DIVYA <wallad10@nationwide.com> |
| **Sent:** | Tuesday, October 23, 2018 5:39 PM |
| **To:** | Robert Stickley |
| **Subject:** | RE:  Erin Degnan v. Unitrin et al |

Hi Robert: I spoke with Nationwide and they have consented to removal.  Thanks.

Divya


Sent with BlackBerry Work
(www.blackberry.com)


**From:** Robert Stickley <rstickley@stickley.law>
**Date:** Tuesday, Oct 23, 2018, 5:37 PM
**To:** WALLACE, DIVYA <wallad10@nationwide.com>
**Subject:** [EXTERNAL] Erin Degnan v. Unitrin et al

**Nationwide Information Security Warning:** This is an external email. Do not click on links or open attachments unless you trust the sender.

Hi Divya,

Kindly advise if we have Nationwide's consent to remove the above matter to federal court.

Best regards,

Robert S. Stickley, Esquire
Stickley Law, LLC
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
484.423.3425 (office)
610.425.0321 (mobile)
rstickley@stickley.law
www.Stickley.Law

This message is from a law firm and may contain information that is confidential or legally privileged.  If you are not the intended recipient, please immediately contact Robert Stickley by email to rstickley@stickley.law and delete this email.