UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIN DEGNAN | : | |
| | : | |
| vs. | : | |
| | : | |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : | Civil Action No: 2:18-CV-04592 |
| and | : | |
| UNITRIN DIRECT PROPERTY & CASUALTY COMPANY | : | |
| and | : | |
| KEMPER CORPORATION | : | |
| and | : | |
| KEMPER DIRECT | : | |
| and | : | |
| KEMPER SERVICES GROUP | : | |

**<u>DEFENDANT, NATIONWIDE MUTUAL INSURANCE COMPANY'S, ANSWER TO PLAINTIFS' COMPLAINT WITH AFFIRMATIVE DEFENSES</u>**

1) Denied. After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded at the time of trial.

2) Admitted.

3) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

4) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

5) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

6) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

7) Admitted in part; denied in part. To the extent that the averments in this paragraph are directed to a defendant, other than answering defendant, no response is required. It is admitted that defendant is a corporation that conducts business in Philadelphia. The remaining averments contain conclusions of law to which no response is required. If relevant, strict proof thereof is demanded at the time of trial.

8) Denied. After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded at the time of trial.

9) Denied. After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded at the time of trial.

10) Denied. The averments in this paragraph contain conclusions of law to which no response is required. By way of further response, discovery and investigation are continuing and strict proof of these allegations are demanded at the time of trial.

11) Denied. The averments in this paragraph contain conclusions of law to which no response is required. By way of further response, discovery and investigation are continuing and strict proof of these allegations are demanded at the time of trial.

12) Denied. The averments in this paragraph contain conclusions of law to which no response is required. By way of further response, discovery and investigation are continuing and strict proof of these allegations are demanded at the time of trial.

13) Denied. The averments in this paragraph contain conclusions of law to which no response is required. By way of further response, discovery and investigation are continuing and strict proof of these allegations are demanded at the time of trial.

14) Admitted in part; denied in part. Upon information and belief, it is admitted that the owner and operator of the other vehicle was insured by State Farm with a policy providing for $25,000 in liability coverage. After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph, and strict proof thereof is demanded at the time of trial.

15) Admitted upon information and belief.

## ANSWER TO COUNT ONE

16) Answering Defendant hereby incorporates the previous paragraphs as if set forth fully herein

17) Admitted.

18) Admitted.

19) Admitted in part; denied in part. It is admitted that Defendant issued a policy containing underinsured motorist coverage. The remaining averments in this paragraph contain conclusions of law to which no response is required. It is specifically denied that Plaintiff has set forth a claim for underinsured motorist benefits. Discovery and investigation are continuing and strict proof thereof is demanded at the time of trial.

20) Admitted in part; denied in part. It is admitted that the subject policy was in effect on October 13, 2011. The remaining averments in this paragraph contain conclusions of law to which no response is required. It is specifically denied that Plaintiff has set forth a claim for underinsured motorist benefits. Discovery and investigation are continuing and strict proof thereof is demanded at the time of trial.

21) Admitted in part; denied in part. It is admitted that the subject policy provided for underinsured motorist coverage with limits of $300,000. The remaining averments in this

paragraph contain conclusions of law to which no response is required. It is specifically denied that Plaintiff has set forth a claim for underinsured motorist benefits. Discovery and investigation are continuing and strict proof thereof is demanded at the time of trial.

22) Denied. The averments in this paragraph contain conclusions of law to which no response is required. By way of further response, it is specifically denied that Defendant has refused to negotiate a reasonable settlement. Strict proof of Plaintiff's allegations are demanded at the time of trial.

23) Denied. The averments in this paragraph contain conclusions of law to which no response is required. It is specifically denied that Plaintiff has set forth a claim for underinsured motorist benefits. Discovery and investigation are continuing and strict proof thereof is demanded at the time of trial.

WHEREFORE, Defendant, Nationwide Mutual Insurance Company, demands that Plaintiff's Complaint be dismissed and that judgment be entered in its favor.

## ANSWER TO COUNT TWO

24) Answering Defendant hereby incorporates the previous paragraphs as if set forth fully herein.

25) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

26) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

27) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

28) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

29) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

30) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

31) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

32) The averments in this paragraph are directed to a defendant, other than answering defendant, and, therefore, no response is required.

WHEREFORE, Defendant, Nationwide Mutual Insurance Company, demands that Plaintiff's Complaint be dismissed and that judgment be entered in its favor.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. Section 1701 et seq. as amended (hereinafter PMVFRL). Further, the defendant hereby asserts all of the defenses, limitations and immunities available pursuant to the said Law.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to the applicable provisions of the PMVFRL, plaintiff is precluded from pleading, introducing into evidence, proving or recovering the amount of benefits paid or payable under said Law up to and including the limit of required benefits under said Law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has elected the limited tort alternative, and plaintiff's alleged injuries are not serious as defined by the PMVFRL; consequently, plaintiff is precluded from recovering damages for pain and suffering by the applicable provisions of that Law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is the owner of a currently registered motor vehicle and does not have financial responsibility as defined by the PMVFRL. Further, plaintiff's alleged injuries are not serious as defined by that Law; consequently, plaintiff is precluded from recovering damages for pain and suffering by the applicable provisions of that Law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the provisions of the Pennsylvania Comparative Negligence Act.

### SEVENTH AFFIRMATIVE DEFENSE

It is further averred that if the plaintiff suffered any injuries and/or damages as alleged, they were caused solely and primarily by plaintiff's own carelessness, recklessness and negligence.

## EIGHTH AFFIRMATIVE DEFENSE

By actions on the date, time and place stated in plaintiff's complaint, plaintiff did assume the risk of any and all injuries and/or damages which plaintiff alleges to have suffered.

## NINTH AFFIRMATIVE DEFENSE

If there is a legal responsibility for the damages set forth in plaintiff's complaint, then the responsibility is that of other individuals and/or entities over whom the defendant has no control. Plaintiff's injuries and damages as alleged were not caused in any manner whatsoever by the defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

In the event that the plaintiff requests damages for delay pursuant to Pa. R.C.P. 238, answering defendant challenges the applicability and constitutionality of said rule, and places same at issue.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant did not breach its contract with the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

The tortfeasor(s) were not underinsured at the time of the accident.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or otherwise limited against Answering Defendant because Answering Defendant is entitled to a credit of any and all available coverage under the liability policy of insurance issued to the tortfeasor.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff was adequately compensated for her alleged injuries by the tortfeasor(s).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is capped by the applicable limits of underinsured/uninsured motorist benefits provided by the Nationwide policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendant has made offers to settle that it deemed reasonable and fair based on the circumstances.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendant has undertaken an investigation of the Plaintiff's claim and will make additional offers to settle as warranted.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's recovery may be barred if the underlying policy provided only limited tort coverage.

### TWENTIETH AFFIRMATIVE DEFENSE

The Defendant reserves the right to use any defense argument based in contract, statute or tort.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff has no action against answering Defendant as the tortfeasors had sufficient limits of liability coverage to compensate Plaintiff for the alleged injuries and damages.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the terms and obligations of the insurance contract with Defendant.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to establish or perform a condition precedent to Defendant's duty to perform under the contract.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

Defendant never released Plaintiff from any obligation(s) owed by her under the insurance contract as conditions(s) precedent to Defendant's duty to perform.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Defendant has not consented to arbitration or other civil action as defined by the terms of contract.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff has breached the insurance contract, and Defendant is irreparably prejudiced thereby.

WHEREFORE, Defendant, Nationwide Mutual Insurance Company, demands that Plaintiff's Complaint be dismissed and that judgment be entered in its favor.

Complaint be dismissed and that judgement be entered in their favor.

*Divya Wallace*

---

DIVYA WALLACE
Attorney for Defendant,
Nationwide Mutual Insurance Company
LAW OFFICE OF DONNA M. DIPIETRO
Attorney I.D. No. 203882
1601 Market Street, Suite 1040
Philadelphia, PA  19103
(215) 762-0400
wallad10@nationwide.com